**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE GLAZIERS, ARCHITECTURAL, METAL & GLASS WORKERS LOCAL UNION #1399 HEALTH & WELFARE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT COMMERCIAL FLOORS, INC., a California corporation,<br><br>Defendant. | Case No.: 3:21-cv-00081-BEN-AHG<br><br>**ORDER ON DEFENDANT'S EX PARTE APPLICATION FOR ORDER AUTHORIZING BERNARD M. HANSEN TO WITHDRAW AS COUNSEL FOR DEFENDANT (WITH CLIENT'S CONSENT)**<br><br>**[ECF No. 9]** |

## I. **INTRODUCTION**

Plaintiff BOARD OF TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL & GLASS WORKERS LOCAL UNION #1399 HEALTH & WELFARE TRUST ("Plaintiff") brings this action to redress violations or enforce the terms of Section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C § 1132(e), against Defendant SUMMIT COMMERCIAL FLOORS, INC., a California corporation ("Defendant"). Complaint, ECF No. 1 ("Compl.").

Before the Court is Bernard M. Hansen, Esq.'s *Ex Parte* Application for an Order Authorizing His Withdrawal as Counsel for Defendant (With Client's Consent) (the

"Motion"). ECF No. 9.

After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** the Motion *without prejudice* as procedurally improper. Mr. Hansen may re-file a Motion correcting the inadequacies, and the Court will reconsider the Motion.

## II.   BACKGROUND

### A.   Statement of Facts

Plaintiff alleges that on or about October 28, 2019, it conducted an audit of VALLEY FLOOR COVER, INC. ("Valley"), an alter-ego or successor company to Defendant, which ceased operations, and discovered unpaid contributions to the employee health plan/fund in the amount of more than $79,836.30.  Compl. at 3, ¶ 9, 5, ¶ 21, 7, ¶ 29.

### B.   Procedural History

On January 14, 2021, Plaintiff filed this lawsuit against Defendant, alleging claims for relief for (1) breach of written collective bargaining agreements and related trust agreements; (2) violation of section 515 of the ERISA; and (3) audit. Compl.

On January 21, 2021, Plaintiff served Defendant with the summons and complaint. ECF No. 3.  On February 22, 2021, Defendant filed its answer to the Complaint. ECF No. 4.  On March 8, 2021, Defendant filed its First Amended Answer to the Complaint. ECF No. 7.

On March 21, 2021, Mr. Hansen filed the instant Motion. ECF No. 9.

On March 22, 2021, an Early Neutral Evaluation Conference ("ENE") was held before Magistrate Judge Allison H. Goddard, and the parties reached an agreement. ECF No. 10. A settlement disposition conference is scheduled for May 18, 2021 at 10:00 a.m. ECF No. 11.

## III.   LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court, permitting the party to either appear on the party's own behalf or substitute other counsel in as counsel of

record. S.D. Cal. Civ. R. 83.3(f)(1); *see also P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. Jun. 4, 2020). Under the Local Rules, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. Civ. R. 83.3(k). "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." *Id.*; *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney."). Thus, courts may not grant a motion to withdraw filed by counsel for a corporate entity unless the attorney and/or corporate entity have arranged for qualified replacement counsel to substitute in as counsel of record. *See, e.g.*, *id.*

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. Civ. R. 83.3(f)(3). "Failure to . . . file the required declaration of service will result in a denial of the motion." S.D. Cal. Civ. R. 83.3(f)(3)(b).

California law governs issues of ethics and professional responsibility in federal courts. *See, e.g.*, *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016) ("California law governs questions of conflicts of interest and disqualification"); *see generally* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 1 cmt. b (2000) ("Federal district courts generally have adopted the lawyer code of the jurisdiction in which the court sits, and all federal courts exercise the power to regulate lawyers appearing before them."). Under Rule 1.16 of California's Rules of Professional Conduct ("Rule 1.16"), effective June 1, 2020, subdivision (a) governs mandatory withdrawal while subdivision (b) governs permissive withdrawal. Subdivision (c) of Rule 1.16 provides that "[i]f permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission."

Cal. R. Prof. Conduct, Rule 1.16(c). Moreover, "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct, Rule 1.16(d).

In ruling on a motion to withdraw, "[i]t is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment." *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (denying motion to withdraw where corporation would be left unrepresented by counsel) (citations omitted). Thus, "courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; [and] (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, 2013 WL 163420 (S.D. Cal. Jan. 14, 2013); *see also Bernstein v. City of Los Angeles*, No. CV1903349PAGJSX, 2020 WL 4288443, at *1-2 (C.D. Cal. Feb. 25, 2020) (same). Courts have previously held that "[f]ailure to pay attorney's fees can be valid ground for withdrawal." *Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2019); *see also Canadaigua Wine Company, Inc. v. Edwin Moldauer*, 2009 WL 89141 (E.D. Cal. Jan 14, 2009) (granting motion to withdraw legal counsel where defendant refused to accept legal advice or pay his fees). Further, there is no danger of prejudice where a hearing date is not immediately set or where litigation is at a relatively nascent stage. *Gurvey v. Legend Films, Inc.*, 2010 WL 2756944 (S.D. Cal. July 12, 2010).

### IV. DISCUSSION

Rule 1.16(b) of the California Rules of Professional Conduct, governing permissive withdrawal, permits an attorney to withdraw from representation of a client for several enumerated grounds.

In this case, Mr. Hansen alleges that in return for a flat fee payment of $3,000.00, he agreed to represent Defendant through the ENE. ECF No. 9 at 2:8-12. However, Mr.

Hansen further advises that his client has been unable to pay any additional funds but understands that (1) Defendant cannot represent itself and must be represented by counsel; (2) if Mr. Hansen withdraws, and Defendant fails to secure new counsel, a default may be entered against Defendant; and (3) entry of default may result in Plaintiff requesting a default judgment. *Id.* at 2:12-20. In conjunction with the Motion, Mr. Hansen filed a Declaration from Tony Garcia, Defendant's President and 100% shareholder, signed on March 20, 2021, indicating that he has been unable to pay Mr. Hansen understands the aforementioned representations by Mr. Hansen. ECF No. 9-1 at 1-2. Mr. Hansen requests an order allowing his withdrawal to be effective on the date the order authorizing withdrawal is entered but in no event earlier than March 23, 2021. ECF No. 9 at 2:24-25. He also asks that Defendant have fourteen (14) days after the withdrawal order is entered to have new counsel appear on its behalf. *Id.* at 2:25-27. However, Mr. Hansen did not file a declaration himself, nor did he indicate that he served his client with the Motion.

The Court **DENIES** the Motion *without prejudice* because (1) Mr. Hansen's Motion is procedurally improper and (2) Mr. Hansen failed to submit a declaration in support of his Motion.

### A. Mr. Hansen's Motion is Procedurally Improper

First, all motions must (1) be made in writing unless made during a hearing or trial; (2) "state with particularity the grounds for seeking the order"; and (3) "state the relief sought." FED. R. CIV. P. 7(b)(1). A moving party must also file their papers 28 days before the hearing date. S.D. Cal. Civ. R. 7.1(e)(1). Moreover, "[a]ll applications for orders shortening time under these rules must be submitted ex parte, be accompanied by a proposed order, and be served on all opposing parties." S.D. Cal. Civ. R. 7.1(e)(5). "A motion for an order must not be made ex parte unless it appears by affidavit or declaration" that (1) "within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made"; (2) "the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them"; or (3) "for

reasons specified the party should not be required to inform the opposing party or the opposing party's attorney." S.D. Cal. Civ. R. 73.3(g)(2). While a district court may shorten the usual notice period, courts generally only do so when circumstances warrant an expedited hearing. *Anderson v. Davila*, 125 F.3d 148, 156 (3rd Cir. 1997). In other words, while state courts often offer a procedure to secure relief that could be secured by noticed motion on a shortened timeline, the Federal Rules of Civil Procedure ("FRCP") contain no provisions directly addressing the filing and service of papers seeking relief on a shortened notice period. Instead, Rule 65 of the FRCP governs temporary restraining orders, and Rule 3.5 of the California Rules of Professional Conduct governs *ex parte* communications with chambers; however, there is no FRCP covering *ex parte* applications similar to Rule 3.1200 of the California Rules of Court. Thus, the Court treats Mr. Hansen's *Ex Parte* Application as a motion pursuant to Local Rule 7.1.

Second, Local Rule 7.1 requires that a hearing date must be requested from the clerk of the judge to whom a case is designed "for any matters on which a ruling is required." S.D. Cal. Civ. R. 7.1(b); *see also id.* at subdivision (f) (requiring a motion to include the "hearing date and time"). Here, Mr. Hansen never requested a hearing date, and as such, the Motion should have been rejected. S.D. Cal. Civ. R. 7.1(e)(7) (providing that "[t]he clerk's office is directed not to file untimely motions and responses . . . without the consent of the judicial officer assigned to the case"). For these reasons, the Court DENIES the Motion *without prejudice*.

**B.     Counsel Failed to Submit the Declaration Required by the Local Rules.**

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. Civ. R. 83.3(f)(3). "Failure to . . . file the required declaration of service will result in a denial of the motion." S.D. Cal. Civ. R. 83.3(f)(3)(b).

In the present case, Mr. Hansen filed a "Statement of Facts," a Declaration from Tony Garcia dated prior to the filing of the Motion, and Proof of Service of both documents by CM/ECF, showing service on opposing counsel only. *See generally*, ECF

No. 9.  However, the Proof of Service, although signed Mr. Hansen, was not signed under penalty of perjury, and as such, does not qualify as a "declaration."  *See, e.g.*, 28 U.S.C. § 1746(2) (providing that whenever a law of the United States or rule requires a matter to be supported by sworn declaration in writing, that matter may be proved "by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated," so long as it substantially follows the form proscribed by the statute).  As such, the Motion fails to meet the requirements of Local Rule 83.3(f)(3).

## V.     **CONCLUSION**

For the above reasons, the Court **DENIES** the Motion as follows:

1.     Defendant's counsel's Motion to Withdraw as Counsel of Record is **DENIED** *without prejudice* to counsel refiling the motion in accordance with Local Rules and stating the grounds discussed above.

**IT IS SO ORDERED.**

DATED:    March 26, 2021

**HON. ROGER T. BENITEZ**
United States District Judge