FILED
MAY 20 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE GLAZIERS, ARCHITECTURAL, METAL & GLASS WORKERS LOCAL UNION #1399 HEALTH & WELFARE TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>SUMMIT COMMERCIAL FLOORS, INC., a California corporation,<br><br>    Defendant. | Case No.: 3:21-cv-00081-BEN-AHG<br><br>**ORDER DENYING MOTION FOR ENTRY OF STIPULATED JUDGMENT**<br><br>[ECF No. 9] |

## I. **INTRODUCTION**

Plaintiff BOARD OF TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL & GLASS WORKERS LOCAL UNION #1399 HEALTH & WELFARE TRUST ("Plaintiff") brings this action to redress violations or enforce the terms of Section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C § 1132(e), against Defendant SUMMIT COMMERCIAL FLOORS, INC., a California corporation ("Defendant" or "Summit"). Complaint, ECF No. 1 ("Compl.").

Before the Court is the Motion for Stipulation for Entry of Judgment. ECF No. 13. After considering the papers submitted, supporting documentation, and applicable law, the

Court **DENIES** the Motion.

## II. BACKGROUND

### A. Statement of Facts

Plaintiff alleges that on or about October 28, 2019, it conducted an audit of VALLEY FLOOR COVER, INC. ("Valley"), an alter-ego or successor company to Defendant, which ceased operations, and discovered unpaid contributions to the employee health plan/fund in the amount of more than $79,836.30. Compl. at 3, ¶ 9, 5, ¶ 21, 7, ¶ 29.

### B. Procedural History

On February 7, 2020, Plaintiff filed a complaint against Valley for failure to pay amounts due under a collective bargaining agreement commencing *Board of Trustees of the Glaziers, Architectural Metal & Glass Workers Local Union #1399 Health & Welfare Trust v. Valley Floor Covering, Inc.*, United States District Court for the Southern District of California Case No. 20-cv-00241-L-WVG. ECF No. 13 at 2. On March 3, 2021, the Court entered a default judgment against Valley for $89,221.20. *Id.*

On January 14, 2021, Plaintiff filed this lawsuit against Defendant, alleging claims for relief for (1) breach of written collective bargaining agreements and related trust agreements; (2) violation of section 515 of the ERISA; and (3) audit. Compl. Plaintiff claims that the primary relief sought is a determination that Defendant is a successor entity to Valley, and therefore, liable for amounts owed by Valley to Plaintiff. ECF No. 13 at 2.

On January 21, 2021, Plaintiff served Defendant with the summons and complaint. ECF No. 3. On February 22, 2021, Defendant filed its answer to the Complaint. ECF No. 4. On March 8, 2021, Defendant filed its First Amended Answer to the Complaint. ECF No. 7.

On March 22, 2021, Magistrate Judge Allison H. Goddard held an Early Neutral Evaluation Conference ("ENE"), and the parties reached an agreement to resolve the entire case. ECF No. 10.

On April 1, 2021, the parties filed the instant Stipulation for Entry of Judgment. ECF No. 1.

On April 23, 2021, the Court set a Settlement Conference, ECF No. 14, which took place on May 11, 2021, where the terms of the parties' settlement were read and affirmed into the record, ECF No. 15.

### III. LEGAL STANDARD

"Except as otherwise provided, stipulations must be recognized as binding on the Court only when approved by the judge." S.D. Cal. Civ. R. 7.2(a). Such stipulations "must first be filed as a 'joint motion,'" which require neither a hearing date for the motion nor a "a separate points and authorities or declaration unless required by the nature of the motion or requested by the assigned judicial officer." S.D. Cal. Civ. R. 7.2(b).

### IV. DISCUSSION

Every final judgment (1) "should grant the relief to which each party is entitled, even if the party has not demonstrated that relief in its pleadings," FED. R. CIV. P. 54(c), and (2) "must be set out in a separate document." FED. R. CIV. P. 58(a). Parties to a lawsuit may ask the Court to enter a stipulated judgment, which is also referred to as a "consent judgment" or "consent decree," and "is a contract-like judgment that turns on the parties' expectations." *Cal. by & through Becerra v. U.S. Env't Prot. Agency*, 978 F.3d 708, 716 (9th Cir. 2020); *see also Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 296 F. Supp. 3d 959, 968 (S.D. Ind. 2017) ("There is no apparent distinction between a 'stipulated judgment,' on the one hand, and what is called a 'consent decree' or a 'consent judgment,' on the other."). Such stipulated judgments "have a dual nature, reflecting the attributes of both a contract and a judicial act." *Smith v. Sumner*, 994 F.2d 1401, 1406 (9th Cir. 1993); *see also Lorain NAACP v. Lorain Bd. of Educ.*, 979 F.2d 1141, 1148-49 (6th Cir. 1992) ("Because of their dual character, consent decrees may be 'treated as contracts for some purposes but not for others,' and modification may be justified when a court is 'satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong.'") (internal citations omitted); *Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.*, 201 F.3d 314, 319 (4th Cir. 2000) (holding that "[b]ecause a stipulated judgment is analogous to a consent order or decree, it is also

-3-

treated as a contract for the purposes of enforcement") claim; *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378-79 (1992) (providing that consent decrees reflect "an agreement of the parties and thus in some respects [are] contractual in nature" but also reflects the parties' desire and expectation that it "will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments"); *but see Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642 (1961) (rejecting the argument that a consent decree should be treated as a contract rather than a judicial act). Accordingly, the Court finds legal support for a stipulated judgment under certain circumstances. *See, e.g.*, *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 236-37 (1975) (noting that "consent decrees and orders have many of the attributes of ordinary contracts, they should be construed basically as contracts, without reference to the [claims the plaintiffs] originally sought to enforce but never proved applicable through litigation").

That being said, the Court must possess jurisdiction in order to enter a stipulated judgment or consent decree. Article III of the United States Constitution limits the subject-matter jurisdiction of federal courts to justiciable "cases" and "controversies." U.S. CONST., ART. III, § 2. The United States Supreme Court has held that for a case to meet the justiciability requirement, a plaintiff must show (1) standing; (2) that the case is ripe; (3) the case is not moot; and (4) the case does not involve a political question. *See, e.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006) ("The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does.").

In *Wigton v. Murphy*, 410 F. Supp. 3d 1121, 1121-22 (D. Mont. 2019), after the parties settled their claims, they filed a Motion to Approve Stipulation for Entry of Judgment with the District Court of Montana so the plaintiff could enforce her claims against the insurer of one of the defendants. The district court, however, denied the motion because the settlement of the claims meant there was no longer an Article III "case or controversy" sufficient to vest the court, a court of limited jurisdiction, with subject matter

jurisdiction. *Id.* at 1122. It reasoned that the attorneys "made no effort to connect the settlement to the particular claims in the case," and the defendant failed to admit liability, resulting in the court questioning on "what grounds the requested judgment [would] be entered on." *Id.* (citing FED. R. CIV. P. 54(b) (describing "judgment" as adjudicating the parties' rights and liabilities); *cf. TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (requiring liability to be established before entry of default judgment)).

The *Wigton* court acknowledged that the "stipulated judgment procedure is apparently common, or at least accepted[ ] in . . . courts of general jurisdiction." *Id.* Nonetheless, they also recognized that a stipulated judgment "grants an advisory opinion about reasonable settlement amounts and turns the court's imprimatur into a tactical and strategic tool." 410 F. Supp. 3d at 1122. This is problematic because "federal courts are courts of limited jurisdiction constrained by Article III's 'case or controversy' requirement," and "[a] crucial aspect of that limited jurisdiction is that federal courts do not render opinions when there is not a case or controversy extant." *Id.* While "stipulated judgments are not unheard of in federal court, though they are more often called 'consent decrees,'" and "generally involve the enforcement of federal statutory or constitutional rights [which] require ongoing monitoring for compliance." *Id.* A proposed stipulated judgment calling for a monetary award resolving a dispute between private parties, on the other hand, requires no further involvement from the court. *Id.* Rather, "[w]hen a case settles and there are no live claims or controversies to adjudicate, the appropriate disposition is dismissal." *Id.* Thus, "[i]n the ordinary course of litigation, when a case is settled[,] the federal court has no further business in advising the parties about the reasonableness of the legal and factual positions they have taken to reach a mutually agreeable accord." *Id.* at 1123. "Instead, the parties are ordered to file the necessary paperwork to dismiss the case." *Id.* Accordingly, the court denied the motion for a stipulated judgment, and instead, required the parties to "file a stipulation to dismiss together with a proposed order dismissing the case." *Id.* (citing FED. R. CIV. P. 41(a)(1)).

Here, pursuant to the Stipulation for Entry of Judgment signed by Plaintiff,

Defendant, and their counsel, all parties have agreed to the following terms:

1. Failure on the part of Plaintiff to take action against Defendant as provided herein, in the event of any breach of the provisions of this Stipulation, shall not be deemed a waiver of any subsequent breach by the Summit of any provisions herein;

2. The Stipulation and proposed judgment contain the full and complete agreement of the Parties and no Party has relied on any representation or other fact not expressly recited herein;

3. Summit agrees not to take on any new work or jobs;

4. Summit shall close all business operations immediately after finishing both jobs, but in no event later than June 30, 2021;

5. In the event, Summit takes on new work or jobs and/or fails to close all business operations after finishing his two jobs, Plaintiff may apply for:

    a. a temporary restraining order, on an *ex parte* basis, seeking all appropriate relief and will be entitled to immediate relief without the posting of a bond and

    b. a preliminary and permanent injunction seeking all appropriate relief and Plaintiff will be entitled to the same without the posting of a bond.

6. Plaintiff releases the Summit's President, Tony Garcia, in his individual capacity, from all liability and claims of any kind related to VALLEY, Summit, and this Action with the exception set forth in paragraph 8, below.

7. Plaintiff does not release Tony Garcia from claims or liability, if any, that might arise from Summit's violation of paragraphs 3 or 4, above; and

8. Summit agrees to the Court entering judgment in the amount of **$89,221.20** in Plaintiff's favor and against Summit.

Plaintiff filed this lawsuit alleging claims for relief for (1) breach of written collective bargaining agreements and related trust agreements; (2) violation of section 515 of the ERISA; and (3) audit. Compl. The Prayer for Relief in the Complaint requests "unpaid fringe benefit contributions, interest, and liquidated damages of at least $79,836.30," prejudgment interest, liquidated damages, attorney's fees and costs, an order

requiring Defendant to submit all payroll books and records to Plaintiff for an audit, and "such other and further relief as the Court may deem just and proper." Compl. at 9-10. The complaint never requests injunctive relief requiring Defendant to cease business operations. *See id.* Thus, the relief requested by the Parties is problematic for three main reasons: First, it does not pertain to the claims pled in the complaint as it neither seeks entry of judgment that Defendant breached the agreements or violated section 515 of the ERISA nor requests an audit. *But see* FED. R. CIV. P. 54(c) (providing that "[e]very final judgment . . . should grant the relief to which each party is entitled, even if the party has not demonstrated that relief in its pleadings"). Second, the Stipulation refers to Tony Garcia as an individual, who is not a named party to this case, and as such, the Court lacks personal jurisdiction over him. *Pennoyer v. Neff*, 95 U.S. 714 (1877), *overruled in part by Shaffer v. Heitner*, 433 U.S. 186 (1977). Third, because it appears the Parties have resolved their dispute, it appears there is no longer a viable case or controversy required for the Court to possess subject matter jurisdiction under Article III.

Like the *Wigton* defendant, the Stipulation indicates Summit does not admit liability. *Compare* 410 F. Supp. 3d at 1122 *with* ECF No. 13 at 2 (providing that "without admitting liability and solely to buy its peace, Summit is willing to stipulate to judgment in the full amount sought by the Plaintiff and shut down its business operations"). As a result, like the *Wigton* court, this Court finds that the parties may resolve their case, as they have done, but "when a case is settled, the federal court has no further business in advising the parties about the reasonableness of the . . . positions they have taken to reach a mutually agreeable accord." 410 F. Supp. 3d at 1123. The Parties have Stipulated to the terms of their settlement in a signed writing, filed with the Court, which may be enforced in the same manner as a binding contract. Separate and aside from the tenuous nature of the Court's authority to enter a judgment on claims and relief not pled in the complaint, the Court finds that both parties have already agreed in a writing signed by both parties to the terms for which they seek entry of judgment, which means the terms are enforceable. Thus, it appears there is no need for the Court to separately enter judgment. *See, e.g., Tur v.*

*YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("we conclude that an issue is moot when deciding it would have no effect within the confines of the case itself"). Further, the Parties have also entered the terms of their settlement into the record, which also creates enforcement rights. ECF No. 15.

Accordingly, this Court, like the *Wigton* court, denies the motion for a stipulated judgment, and instead, requires the parties to "file a stipulation to dismiss together with a proposed order dismissing the case." 410 F. Supp. 3d at 1123 (citing FED. R. CIV. P. 41(a)(1)).

## V. **CONCLUSION**

The Court having reviewed the Stipulation for Entry of Judgment ("Stipulation"), and good cause appearing, **DENIES** the Stipulation as moot given (1) the settlement terms have already been read into the record and (2) resolution of all claims between the parties brings the Court's Article III jurisdiction into question.

**IT IS SO ORDERED.**

DATED:   May 19, 2021

HON. ROGER T. BENITEZ
United States District Judge

-8-

3:21-cv-00081-BEN-AHG