# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE GLAZIERS, ARCHITECTURAL, METAL & GLASS WORKERS LOCAL UNION #1399 HEALTH & WELFARE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT COMMERCIAL FLOORS, INC., a California corporation,<br><br>Defendant. | Case No.: 3:21-cv-00081-BEN-AHG<br><br>**ORDER DENYING MOTION FOR ENTRY OF STIPULATED JUDGMENT**<br><br>**[ECF No. 17]** |

Plaintiff BOARD OF TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL & GLASS WORKERS LOCAL UNION #1399 HEALTH & WELFARE TRUST ("Plaintiff") brings this action to redress violations or enforce the terms of Section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C § 1132(e), against Defendant SUMMIT COMMERCIAL FLOORS, INC., a California corporation ("Defendant" or "Summit"). Complaint, ECF No. 1 ("Compl.").

A detailed factual and procedural background was set forth in the Court's previous order and is incorporated herein. *See Bd. of Trustees of Glaziers, Architectural, Metal & Glass Workers Loc. Union #1399 Health & Welfare Tr. v. Summit Com. Floors, Inc.*, No.

-1-

3:21-cv-00081-BEN-AHG

321CV00081BENAHG, 2021 WL 2014793, at *1 (S.D. Cal. May 20, 2021). In that May 19, 2021 Order, this Court issued denied the first Motion for Entry of Stipulated Judgment filed in this case, *see* ECF No. 13, "as moot given (1) the settlement terms have already been read into the record and (2) resolution of all claims between the parties brings the Court's Article III jurisdiction into question." *See* ECF No. 18.

The Court's previous order elaborated that once the parties have settled a case, no live case or controversy exists, meaning the Court lacks jurisdiction to take any action in the matter pursuant to Article III of the United States Constitution. *Compare* ECF No. 18 at 4-8 (citing *Wigton v. Murphy*, 410 F. Supp. 3d 1121, 1121-22 (D. Mont. 2019) (denying a Motion to Approve a Stipulation for Entry of Judgement because the settlement of the claims in a case where no ongoing monitoring is required (such as consent decrees) means there is no longer an Article III "case or controversy" sufficient to vest the court, a court of limited jurisdiction, with subject matter jurisdiction) *with* U.S. CONST., ART. III, § 2 (limiting the subject-matter jurisdiction of federal courts to justiciable "cases" and "controversies"). The Court reiterated that as other courts have pointed out, the proper course of action once a settlement has been finalized is to file a stipulation for dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. *See id.* at 8; *see also Wigton*, 410 F. Supp. 3d at 1122 (noting that a stipulated judgment "grants an advisory opinion about reasonable settlement amounts and turns the court's imprimatur into a tactical and strategic tool").

The same day of the Court's previous order, May 19, 2021, counsel for Plaintiff filed yet another Motion for Entry of Stipulated Judgment, which again asked the Court to enter judgment despite the settlement between the parties and despite the Court's order denying a motion brought on the same grounds. *See* ECF No. 17. Although Plaintiff requested less relief than previously (by removing certain requests for relief that were never even included in the original complaint), this new motion failed to address any of the issues set forth in the Court's previous order. For instance, it provided no reasoning or legal authority addressing the Court's lack of jurisdiction in light of the absence of a case or controversy

when the parties have settled a case. The Court's independent review of legal authority also finds no reason to reverse the outcome of its previous order. Thus, no reason for the Court's analysis or reasoning outlined in its previous order warrants a different outcome here.

Plaintiff and Defendant have a written settlement that has been filed with the Court and have also entered the settlement terms on the record before Magistrate Judge Allison H. Goddard. Thus, they have a legally enforceable settlement. Should Plaintiff need to do so, Plaintiff can bring an action to enforce those settlement terms at any time. However, seeing as the parties have reached a settlement, no case or controversy exists for the Court to adjudicate. Plaintiff and Defendant are directed to file a Stipulation or Notice of Dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure within thirty (30) days of this order. If no such filing is made by Wednesday, July 21, 2021, the Court will set an Order to Show Cause as to why this case should not be dismissed.

**IT IS SO ORDERED.**

DATED: June 22, 2021

**HON. ROGER T. BENITEZ**
United States District Judge