**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE GLAZIERS, ARCHITECTURAL, METAL & GLASS WORKERS LOCAL UNION #1399 HEALTH & WELFARE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT COMMERCIAL FLOORS, INC., a California corporation,<br><br>Defendant. | Case No.: 3:21-cv-00081-BEN-AHG<br><br>**ORDER TO SHOW CAUSE REGARDING DISMISSAL**<br><br>**[ECF No. 21]** |

Plaintiff BOARD OF TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL & GLASS WORKERS LOCAL UNION #1399 HEALTH & WELFARE TRUST ("Plaintiff") brings this action to redress violations or enforce the terms of Section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C § 1132(e), against Defendant SUMMIT COMMERCIAL FLOORS, INC., a California corporation ("Defendant" or "Summit"). Complaint, ECF No. 1 ("Compl.").

A detailed factual and procedural background was set forth in the Court's previous order and is incorporated herein. *See* Order, ECF No. 21 (incorporating the Court's May 19, 2021 Order, ECF No. 18, also denying the Motion for Entry of Stipulated Judgment).

In the June 23, 2021 Order, this Court denied the second Motion for Entry of Stipulated Judgment filed in this case, *see* ECF No. 17, "as moot given (1) the settlement terms have already been read into the record and (2) resolution of all claims between the parties brings the Court's Article III jurisdiction into question." *See* ECF No. 21.  That order elaborated that once the parties have settled a case, no live case or controversy exists, meaning the Court lacks jurisdiction to take any action in the matter pursuant to Article III of the United States Constitution.  *Compare* ECF No. 18 at 4-8 (citing *Wigton v. Murphy*, 410 F. Supp. 3d 1121, 1121-22 (D. Mont. 2019) (denying a Motion to Approve a Stipulation for Entry of Judgement because the settlement of the claims in a case where no ongoing monitoring is required (such as consent decrees) means there is no longer an Article III "case or controversy" sufficient to vest the court, a court of limited jurisdiction, with subject matter jurisdiction) *with* U.S. CONST., ART. III, § 2 (limiting the subject-matter jurisdiction of federal courts to justiciable "cases" and "controversies").  The Court reiterated that as other courts have pointed out, the proper course of action once a settlement has been finalized is to file a stipulation for dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.  *See id.* at 8; *see also Wigton*, 410 F. Supp. 3d at 1122 (noting that a stipulated judgment "grants an advisory opinion about reasonable settlement amounts and turns the court's imprimatur into a tactical and strategic tool").  Finally, the Court ordered Plaintiff and Defendant to file a Stipulation or Notice of Dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure within thirty (30) days of this order.  It stated that if no such filing is made by Wednesday, July 21, 2021, the Court would set an Order to Show Cause as to why this case should not be dismissed.

To date, no Stipulation or Notice of Dismissal has been filed.  Thus, unless one is filed, the Court sets a Status Conference for Monday, December 13, 2021, at 10:30 a.m.

**IT IS SO ORDERED.**

DATED:   December 2, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge